**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 05 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50136 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00762-RGK-1 |
| v. | |
| BENJAMIN AVILA-BARRERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted October 21, 2015[**]
Pasadena, California

Before: TROTT, KLEINFELD, and CALLAHAN, Circuit Judges.

Benjamin Avila-Barrera is a Mexican citizen who was convicted under 8

U.S.C. § 1326(a) of being an illegal alien found in the United States following

deportation.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

At the first sentencing, the district court sentenced Barrera to fifty-seven months in prison and three years of supervised release. On appeal, the Ninth Circuit vacated and remanded for failing to consider two objections Barrera made to his criminal history calculation. At the second sentencing, the judge sentenced Barrera to the same punishment. The district court invited Barrera to allocute by asking, "Did the defendant wish to be heard?" His counsel responded, "No, your Honor."

We affirm but remand to correct a clerical error.

## I. Allocution

The district court did not violate Barrera's right to allocute under Federal Rule of Criminal Procedure 32. The judge must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). Here, if we look only at the transcript, the judge's invitation could have been directed to Barrera or to Barrera's counsel. Rule 32 does not, however, require that the record unambiguously reflect who the judge was talking to. There is no reason, on this record, to doubt that the judge was offering Barrera personally the opportunity to speak. We presume the trial judge knows and correctly applied the law, *see United States v. Carty*, 520 F.3d

984, 992 (9th Cir. 2008) (en banc), so we infer the judge complied with Rule 32 and personally invited Barrera to allocute. To prevent wasteful litigation, trial judges should "unambiguously address themselves to the defendant," as suggested by the Supreme Court plurality in *Green v. United States*. 365 U.S. 301, 305-06 (1961) (affirming the lower court because the defendant did not show that the judge did not personally address him).

## II. Criminal History Category

Barrera claims the district court miscalculated his Guidelines level. He argues his prior conviction for failing to register as a sex offender is "relevant conduct" to the instant offense, rather than part of his criminal history. U.S. Sentencing Guidelines Manual §§ 1B1.3(a)(1)(B), 4A1.2 cmt. n.1 (U.S. Sentencing Comm'n 2012); *see United States v. Tanke*, 743 F.3d 1296, 1306-07 (9th Cir. 2014). The court did not err in finding Barrera's conviction for failing to register as a sex offender was a past conviction affecting his criminal history category. Barrera offered no evidence, only counsel's arguments, that his motive for committing that crime was to avoid getting caught for this one, nor is it clear that that would matter.

### III. Supervised Release

The judge may arguably have erroneously imposed three years of supervised release on Barrera, but it was not plain error. "[R]eversal is warranted only where there has been (1) error; (2) that is plain; (3) that affects substantial rights; and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011).

The Guidelines recommend no supervised release for deportable aliens likely to be deported when the statute of conviction does not require it, unless the judge "determines" that supervised release would "provide an added measure of deterrence and protection." Sentencing Guidelines § 5D1.1(c) & cmt. n.5. There is no record of the judge making that determination.

To determine whether the court's error affected "substantial rights" we ask whether "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (quotation omitted); *see United States v. Olano*, 507 U.S. 725, 735 (1993). Based on Barrera's past, it is doubtful that the error, if any, affected "substantial rights." Barrera's history strongly supports that after deportation, he is likely to return illegally as he has in the past, and his past predatory sexual conduct

would require continuing supervision.  There is no reason on this record to doubt that, had the error been brought to the court's attention, the result would have been the same.

## IV. Constitutionality of 8 U.S.C. § 1326(b)(2) Enhancement

Barrera raises the argument that enhancing his sentence under 8 U.S.C. § 1326(b)(2) was unconstitutional, but concedes his claim is foreclosed by our decision in his previous appeal.  *See also Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

## V. Clerical Error

The Judgment Order for Barrera's conviction says he is guilty of violating "8 USC 1326(a), (b)(1)."  Subsection (b)(1) of § 1326 is a sentencing enhancement, not a punishable offense.  Pursuant to *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062-66 (9th Cir. 2000), we remand for the limited purpose of instructing the court to delete the Judgment's reference to subsection (b)(1).

## VI. Reassignment to New Judge

This case does not require reassignment to a new judge. *See United States v. Paul*, 561 F.3d 970, 975 (9th Cir. 2009) (discussing the "unusual circumstances" that warrant reassignment).

Barrera's sentence is **AFFIRMED**. We **REMAND** to the district court to correct the Judgment Order.